**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2207
_____

WESTMINSTER AMERICAN INSURANCE COMPANY,
Appellant

v.

SPRUCE 1530, LLC; AL SHAPIRO; ERNEST V. MILLER, SR.

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 2-17-cv-05226)
District Judge: Honorable Nitza I. Quinones Alejandro
_____

Submitted Pursuant to Third Cir. LAR 34.1(a)
May 21, 2020

Before: McKEE, BIBAS and NYGAARD, *Circuit Judges*

(Opinion filed: August 19, 2021)

_____

OPINION*
_____

McKEE, *Circuit Judge*

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Westminster American Insurance Company appeals the district court's decision that it has a duty to defend its policy holder, Spruce 1530, LLC, in an underlying tort action.[1]  Westminster asserts that since the tort at issue is intentional trespass, it is not an "occurrence" or "accident" covered by the policy.  Applying Pennsylvania law, the district court ruled that Westminster had the duty to defend Spruce 1530, even if, ultimately, Westminster was not liable or required to indemnify.  For the following reasons, we will affirm.

The dispute for which Spruce 1530 claims coverage from Westminster first arose in 2015 in *Touraine I*.[2]  There, the Philadelphia County Court of Common Pleas determined that Spruce 1530 constructed part of an apartment building (the Newport) on another developer's property (the Touraine).  The Court determined the property line between the Touraine Building and the Newport Building and found that construction on the Newport Building encroached on that property line.  The Court held Spruce 1530 was negligent with respect to determining the location of the property line before beginning its construction.

In 2017, Touraine filed a second civil complaint, *Touraine II* which alleges Spruce 1530 violated the property line eight additional times.  The complaint was supported by surveys conducted by Maser Consulting.[3]  Touraine alleged each encroachment was an

[1] Pursuant to the district court's May 17, 2019 Order, only Defendant-Appellee Spruce 1530 is entitled to recover from the Westminster policy for the conduct discussed below. Accordingly, this opinion will not discuss Defendants Shapiro or Miller.
[2] App. at 133a.
[3] App. at 48a–148a.

*intentional* trespass that violated Touraine's demand that Spruce 1530 "cease any and all unlawful forms of trespass onto the Touraine Property."[4]

During all relevant periods, Spruce 1530 maintained a Westminster Commercial General Liability Policy. That policy provides that Westminster would:

> pay all sums which an "insured" becomes legally obligated to pay as "damages" due to . . . "property damage" to which the insurance applies. . . . However, [Westminster] ha[s] no duty to defend the "insured" against a "suit" seeking "damages" arising out of . . . "property damage" to which this policy does not apply.[5]

The policy only applies to "'property damage': 1) caused by an 'occurrence' which takes place in the 'coverage territory[.]'"[6] An "occurrence" is defined as "an accident and includes continuous or repeated exposure to similar conditions."[7] Property damage includes "the loss of use of tangible property that has not been physically damaged. Loss of use is deemed to occur at the time of the 'occurrence' that caused it."[8] Westminster, however, is not obligated t cover property damage "1) which is expected by, directed by, or intended by the 'insured'; or 2) that is the result of intentional and malicious acts of the 'insured.'"[9]

Under Pennsylvania law, an insurer's "duty to defend is a distinct obligation, different from and broader than the duty to indemnify."[10] Therefore, an insurer may be

---

[4] App. at 72a-87a; *see also* Appellant's Br. at 21 (emphasis omitted).
[5] App. at 12a.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 225 (3d Cir. 2005).

required to defend a policy holder in court even if it is later determined the insurer is not required to pay for the injuries alleged in the complaint. Here, only the duty to defend is at issue.

Pennsylvania follows the "four corners" rule to determine if an insurer owes a duty to defend a policy holder.[11] An analysis of the duty to defend thus requires the district court to compare the four corners of the policy in question to the four corners of the underlying complaint. If the complaint alleges an injury "which *may be* within the scope of the policy, the company must defend the insured until the insurer can confine the claim to a recovery that the policy does not cover."[12] The district court must also scrutinize the factual allegations in the complaint to avoid "artful pleadings designed to avoid exclusions in liability insurance policies."[13]

Westminster argues that since the underlying action of *Touraine II* is premised upon intentional trespass—Spruce 1530 refusing to remove additional encroachments after the property line was resolved in *Touraine I*—there was no "occurrence" as defined by the policy and therefore no possibility that Westminster will be required to indemnify Spruce 1530. We agree that the property line was resolved by the court's ruling in *Touraine I*. Nevertheless, as the district court quite appropriately recognized, there is a *possibility* that the encroachments documented in 2017 by Maser Consulting resulted

---

[11] *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 290 (Pa. 2007) ("[T]he language of the policy and the allegations of the complaint must be construed together to determine the insurers' obligation.") (citation omitted).

[12] *United Servs. Auto Ass'n v. Elitzky*, 517 A.2d 982, 985 (Pa. Super. Ct 1986) (emphasis added).

[13] *Mut. Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999).

from Spruce 1530's negligence with respect to the property line as opposed to an intentional trespass.[14] The district court found "no indication" that Touraine attempted to limit its factual allegations by requesting damages to the encroachments during a specific timeframe. Thus, a reasonable factfinder could determine the encroachments were a result of Spruce 1530's negligent failure to determine the site of the property line.

Westminster has a duty to defend against the entire underlying action if any of the claims could potentially be covered. Since it is possible the encroachments were a result of negligence, we conclude that the district court did not err in finding Westminster had the duty to defend. We will therefore affirm the decision of the district court.

---

[14] The district court correctly looked past the label of intentional trespasses ascribed by Touraine in the complaint and looked to the factual allegations to determine if the policy applied.